UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CG ACCESS GROUP, LLC,

                Plaintiff,

-against-

FABRIQUE INNOVATIONS, INC., d/b/a Bitty Boomers,

                Defendant.

Case No. 1:24-cv-03230 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On April 29, 2024, CG Access Group LLC ("Plaintiff") filed a verified complaint and sued Fabrique Innovations, Inc. ("Defendant"). Dkt. 1 ("Compl."). Plaintiff asserted claims for breach of contract, account stated, and quantum meruit, seeking damages in excess of $165,774.62, *see id.* ¶¶ 40, 46, 53, as well as a violation of New York Labor Law ("NYLL") Section 191-c, seeking recovery in an amount in excess of $331,549.24, Compl. ¶ 64.

On June 21, 2024, Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1), asserting that the amount in controversy did not meet the threshold required for diversity jurisdiction under 28 U.S.C. § 1332. Dkts. 17 ("Mot."), 18 ("Mem.") at 1. Plaintiff submitted its opposition on July 8, 2024. Dkt. 22 ("Opp."). Defendant filed its reply on July 12, 2024. Dkt. 23 ("Reply"). For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

### I. Factual Background

Unless stated otherwise, the following facts, which are assumed true for purposes of this Memorandum Opinion and Order, are taken from the Complaint as well as documents incorporated by reference in the Complaint. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, No. 23-cv-02138 (JPC), 2024 WL 4354809, at *1 n.1 (S.D.N.Y. Sept. 30, 2024).

Plaintiff, a third-party retail sales facilitator, entered into an Agreement for Services ("the Agreement") with Defendant, a manufacturer of compact portable wireless Bluetooth speakers, on August 31, 2020. Compl. ¶¶ 8-10; *see* Dkt. 1-3 ("Agr."). Plaintiff is an LLC whose sole members are Casey Wakula, a citizen of the state of Michigan, and Greig Waddell, a citizen of the state of Texas. Compl. ¶¶ 1-2. Defendant is a corporation incorporated in New York with its principal place of business in New York. *Id.* ¶ 3. Plaintiff contracted with Defendant for sales and sales support services, retailer account setup services, and item-creation services for certain retailers. Agr.; Compl. ¶ 10. Defendant agreed to pay Plaintiff "5% commission on net sales paid to [Defendant]" and to pay the preceding month's commission via check "on or before the last day of each month." Agr.; Compl. ¶ 12. The Agreement provided that it would "be effective from the date first written above until terminated as hereinafter provided," and stipulated that "[e]ither party may terminate this Agreement upon thirty days written notice to the other." Compl. ¶¶ 13, 14 (quoting Agr.).

Defendant failed to make timely payments to Plaintiff for invoices issued on August 16, 2021, December 6, 2021, and February 21, 2022 (together, "the invoices"), in the amounts of $2,402.40, $1,791.09, and $99,401.02 respectively, for a total of $103,594.51. *Id.* ¶¶ 15-19. On February 18, 2022, the parties discussed Defendant's failure to make timely

payments. *Id.* ¶ 19. On February 21, 2022, Plaintiff again notified Defendant that it had failed to make payment on the August 16, December 6, and February 21 invoices. *Id.* ¶ 20.

Given the continued nonpayment, the parties communicated with each other during early 2023 about when and how much Defendant would be able to pay Plaintiff. For example, in January 2023, Plaintiff asked Defendant if it could "get us [Plaintiff] at least $80k? That's less than half of what's owned [*sic*] and we can continue to work with you [Defendant] on the rest." Dkt. 1-9 at 1-2. Defendant sent an email in February 2023 "confirm[ing] that we will (again WILL) be making payments on the payments that Fabrique received from Sam's Club. As cash flow does not allow for any payments in total we will keep you posted and finalize a payment schedule with you." *Id.* The parties exchanged similar emails in April 2023, with Defendant once again emphasizing that "no one is saying or disputing that commissions are owed [to] you [Plaintiff] on paid invoices but there is no money to pay anything." Compl. ¶ 23; Dkt. 1-10 at 1.

On April 28, 2023, Plaintiff sent Defendant a report that identified the total amount that Defendant owed thus far, less partial payments already made. Compl. ¶ 24; *see* Dkt. 1-11. The report reflected a total amount owed of $225,774.62. Compl. ¶ 25. On May 15, 2023, Plaintiff provided Defendant with a payment schedule outlining installments to be paid on the amount due. *Id.* ¶ 26; *see* Dkt. 1-12. Defendant accepted the payment plan and began making payments in May 2023, but failed to make its payment as scheduled in June 2023, and instead made irregular payments in May, July, August, September, October, and November 2023, for a combined amount of $60,000 paid toward the total amount due. Compl. ¶ 28-30; *see* Dkt 1-13. A balance of $165,774 remains per the payment schedule. *Id.* ¶ 31. On March 20, 2024, Plaintiff terminated the agreement. Compl. ¶ 21; Dkt. 1-8.

## II. Procedural History

On April 26, 2024, Plaintiff filed this suit, alleging claims for breach of contract, account stated, quantum meruit, and a violation of NYLL Section 191-c. *See* Compl. ¶¶ 32-64. Defendant filed its motion to dismiss on June 21, 2024, under Rule 12(b)(1), arguing that Plaintiff had not met the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. Mem. at 1. Defendant submitted two declarations in support of its motion. *See* Dkts. 19, 20. Plaintiff filed its opposition on July 8, 2024, and Defendant filed its reply on July 12, 2024. *See* Opp.; Reply.

## DISCUSSION

### I. Legal Standards

"Federal courts are courts of limited jurisdiction." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *accord Schwartz*, 397 F. Supp. 3d at 364. "Where, as here, the jurisdictional challenges are raised at the pleading stage, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor." *Bardsley v. Nonni's Foods LLC*, No. 20-cv-02979 (NSR), 2022 WL 814034, at *2 (S.D.N.Y. Mar. 16, 2022). "The court also may consider affidavits and other evidence outside the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in affidavits." *Id.*

28 U.S.C. § 1332 "confers original jurisdiction on the federal district courts with respect to 'all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'"

4

*Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting 28 U.S.C. § 1332(a)). "Section 1332(a) requires (1) complete diversity of parties, and (2) an amount in controversy in excess of $75,000." *Schwartz*, 397 F. Supp. 3d at 364. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer*, 347 F.3d at 397 (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *accord Doeman Music Grp. Media & Photography LLC v. DistroKid, LLC*, No. 23-cv-04776 (MMG), 2024 WL 4349480, at *5 (S.D.N.Y. Sept. 30, 2024). "This is not an onerous burden. We recognize a 'rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 50-51 (2d Cir. 2019) (summary order) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).

"Once a good faith representation has been made, the party opposing jurisdiction must show to a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *GW Holdings*, 794 F. App'x at 51 (quoting *Wolde-Meskel*, 166 F.3d at 63)). This is a "high bar." *Valley Elecs. AG v. Polis*, No. 20-cv-02133 (ARR), 2021 WL 3919244, at *5 (E.D.N.Y. Aug. 6, 2021) (quoting *Scherer*, 347 F.3d at 397), *aff'd*, No. 21-2108-cv, 2022 WL 893674 (2d Cir. Mar. 28, 2022). "The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Porsch v. LLR, Inc.*, No. 18-cv-09312 (DLC), 2019 WL 3532114, at *1 (S.D.N.Y. Aug. 2, 2019) (citation omitted).

II.   Analysis

It is undisputed that there is complete diversity of citizenship here. Instead, this dispute turns on the amount in controversy. Defendant seeks to dismiss the Complaint

5

because the amount in controversy does not meet the jurisdictional requirement of $75,000 under 28 U.S.C. § 1332, or, in the alternative, asks the Court to permit discovery on the amount of damages. Mem. at 2-3.

Defendant argues that even though the Agreement between the parties sets forth a 5% commission rate, the parties later orally agreed to a 4% commission rate. *Id*. at 1. Defendant then submitted an accounting document that purports to reflect Defendant's arrears as $53,053.78 for only 2021 and 2022 and only for sales involving Walmart. Dkt. 20 ("Bowles Decl."); Dkt. 20-1. Defendant also points to the Complaint, which cites three invoices from 2021 and 2022 totaling $104,589.61, and argues that after Defendant's payments of $60,000, the amount owed would only be $44,589.61 even under the 5% commission rate in the Agreement. Mem. at 1-2.

In response, Plaintiff argues that (1) factual disputes between the parties about whether the commission rate was reduced and the net sales amount upon which commissions are taken preclude the motion to dismiss, (2) Defendant's motion does not address its breach-of-contract claim with respect to the payment plan, (3) Defendant's motion to dismiss does not address its account-stated claim, and (4) Defendant's motion does not address its NYLL claim, which exceeds the jurisdictional amount in any event. *See generally* Opp. The Court agrees that the amount in controversy alleged in the Complaint is sufficient to satisfy the requirements of 28 U.S.C. § 1332 even if just the NYLL claim were considered, and therefore denies Defendant's motion to dismiss.

NYLL Section 191-c(1) provides that "[w]hen a contract between a principal and a sales representative is terminated, all earned commissions shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated." N.Y. Lab. L. § 191-c(1) (McKinney

2024).  NYLL Section 191-c also provides for double damages for "[a] principal who fails to comply with the provisions of this section concerning timely payment of all earned commissions," as well as reasonable attorneys' fees, costs, and disbursements to the prevailing party.  *Id.* § 191-c(3).

The Complaint alleges that as of March 31, 2024, "earned commission was owed to Plaintiff in an amount in excess of $165,774.62."  Compl. ¶ 59.  Double damages would result in a claim for $331,559.24 in addition to attorneys' fees and costs.  *Id.* ¶ 64.  This claim plainly exceeds the amount in controversy requirement of $75,000.  *See Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 326-27 (S.D.N.Y. 2022) (liquidated damages and attorneys' fees under the NYLL could be included in amount in controversy calculation); *Gould v. Marconi Dev. Grp., LLC*, No. 19-cv-01454, 2020 WL 2042332, at *7-8 (N.D.N.Y. Apr. 28, 2020) (because liquidated damages are recoverable by statute under NYLL § 191-c, court could consider them in calculating amount in controversy); *Collins v. Hanesbrands Inc.*, No. 23-cv-01818 (CM), 2023 WL 7386631, at *2 (S.D.N.Y. Nov. 8, 2023) (finding liquidated damages provided for NYLL timely-payment claim satisfied amount in controversy requirement).

The claim would also exceed $75,000 even if the Court were to consider only the invoices identified in the Complaint, as Defendant seems to propose, and not the other payments due under the terms of the payment plan.  Those invoices total $104.589.61, Compl. ¶¶ 15, 17, 18, and even accepting that this was the only amount due and that Defendant paid $60,000 toward these arrears, Compl. ¶ 30, the total would still be $44,589.61.  Double damages under the NYLL would result in $89,179.22 in damages, plus attorneys' fees and costs.  This alone exceeds the jurisdictional threshold.

7

Defendant's only argument in response is that because the NYLL claim is a "claim under a state statute," this Court "should decline the exercise of supplemental jurisdiction when the federal claims have been dismissed." Reply at 5. This reflects a fundamental misunderstanding of the claims asserted and jurisdictional jurisprudence. *All* of the claims Plaintiff has asserted are state-law claims — breach of contract, account stated, quantum meruit, and a statutory claim under the NYLL. *See generally* Compl. This Court has diversity jurisdiction over such state law claims so long as the parties are completely diverse and the amount in controversy is satisfied. 28 U.S.C. § 1332(a). Defendant's citation to cases holding that the Court has discretion to decline supplemental jurisdiction over a state claim where all federal claims have been dismissed, Reply at 5, is completely inconsequential.

The Complaint also alleges damages exceeding $75,000 based on the claim that Defendant owed $225,774.62 at the time the contract was terminated as reflected in an agreed-upon payment plan, *see* Compl. ¶¶ 25, 28, 30, and only paid $60,000, leading to arrears of $165,774.62, *id.* ¶ 31. It is unclear how this is undermined by Defendant's assertion that the parties agreed orally to a 1% lower commission rate or that there was approximately $53,000 in arrears for 2021 and 2022 sales only to Walmart. *See supra* p. 6. However, the Court need not address the damages for breach of contract and the other common law claims (or Plaintiff's additional arguments) because there is no question that the NYLL claim alone satisfies 28 U.S.C. § 1332's amount in controversy requirement, and Defendant has not shown to a "legal certainty" that the amount recoverable under the NYLL does not meet the jurisdictional threshold. *GW Holdings*, 794 F. App'x at 51. As a result, the Court has subject matter jurisdiction over the Complaint.

## CONCLUSION

Defendant's motion to dismiss is DENIED. The parties are directed to appear before the Court for an initial pretrial conference on December 3, 2024, at 11:00 A.M. in Courtroom 20B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, and to submit their joint pretrial letter and proposed case-management plan at least seven calendar days beforehand in accordance with the Court's Individual Rules of Practice in Civil Cases.

The Clerk of Court is directed to terminate the motion at Dkt. 17.

Dated: November 18, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge